**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| Marble VOIP Partners LLC | |
| Plaintiff, | Case No. 6:22-cv-00076 |
| v. | |
| | Jury Trial Demanded |
| Microsoft Corporation | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Marble VOIP Partners LLC ("Plaintiff"), by and through its counsel, files this Complaint against Microsoft Corporation ("Microsoft" and/or "Defendant") for infringement of United States Patent No. 7,376,129 ("the '129 Patent" or the "Patent-in-Suit"), and alleges as follows:

**NATURE OF THE ACTION**

1.     This is an action for infringement of the Patent-in-Suit arising under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.* Specifically, this action relates to a patent directed to a method and system for enabling Voice over Internet Protocol ("VoIP") for computer applications.

**PARTIES**

2.     Plaintiff Marble VOIP Partners LLC is a domestic limited liability company incorporated under the laws of the State of Texas and having a place of business at 3610-2 N Josey, Suite 223, Carrollton, Texas 75007.

3.     Microsoft Corporation is a corporation duly organized and existing under the laws of the State of Washington with corporate headquarters at One Microsoft Way, Redmond, Washington, 98052. Microsoft maintains regular and established places of

business at 10900 Stonelake Boulevard, Suite 225, Austin, Texas 78759 and Concord

Park II, 401 East Sonterra Boulevard, Suite 300, San Antonio, Texas, 78258. Microsoft

may be served with process through its registered agent, the Corporation Service

Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.     On information and belief, Microsoft is registered to do business in the

state of Texas under Texas SOS file number 0010404606.

5.     On information and belief, Microsoft has had regular and established

places of business in this judicial district since at least 2002.

6.     Defendant distributes, sells, and/or imports products throughout the

United States and does business in every state, including Texas, either directly or

indirectly.

<u>**JURISDICTION AND VENUE**</u>

7.     This Court has subject matter jurisdiction over this action under 28 U.S.C.

§§ 1331 and 1338(a) because this is a patent infringement action that arises under the

patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*

8.     This Court has specific and general personal jurisdiction over Microsoft

under due process and/or the Texas Long Arm Statute, because Microsoft has committed

infringing acts giving rise to this action in Texas and within this judicial district. This

Court's exercise of jurisdiction over Microsoft would not offend traditional notions of fair

play and substantial justice because Microsoft has established minimum contacts with

this forum. For example, on information and belief, Microsoft has committed acts of

infringement in this judicial district by, among other things, selling and offering for sale

products that infringe the Patent-in-Suit, directly or through intermediaries, as alleged herein.

9.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b) because, among other things, Plaintiff is registered to do business in Texas, maintains its principal place of business in this district, and does business in this district.

10.     Microsoft has been subject to litigation in this judicial district in at least 58 (fifty-eight) cases.

11.     This judicial district and division was considered a proper venue for patent cases against Microsoft in the following actions: *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Microsoft Corporation*, 6:20-cv-00454; and *PaSafeShare LLC v. Microsoft Corp.*, 6:20-cv-00397.

## PERSONAL JURISDICTION OVER MICROSOFT

12.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

13.     This Court has personal jurisdiction over Microsoft in part because a substantial portion of the events giving rise to the claims alleged in this Complaint, for which Microsoft is responsible, occurred in Texas.

14.     Microsoft is subject to personal jurisdiction of this Court because, on information and belief, (i) Microsoft maintains regular and established places of business in this judicial district at 10900 Stonelake Boulevard, Suite 225, Austin, Texas 78759 and Concord Park II 401 East Sonterra Boulevard, Suite 300, San Antonio, Texas

3

78258; (ii) Microsoft sells products and services to customers in this judicial district; (iii) the patent infringement claims arise directly from Microsoft's continuous and systematic activity in this judicial district; and (iv) Microsoft actively employs and seeks the services of Texas residents in this judicial district.

15.     Specifically, Microsoft's products are used and sold throughout the United States, including Texas. Upon information and belief, Microsoft makes, uses, sells, and offers to sell, Microsoft Teams and Skype for Business within Texas, which are used in Texas by customers. Each of these activities constitute direct and indirect infringement of the Patent-in-Suit in Texas.

16.     Microsoft sells additional products and does business throughout the United States, including Texas.

17.     Therefore, Microsoft purposefully availed itself of the privileges of conducting business in Texas and within this judicial district; established sufficient minimum contacts in Texas and within this judicial district such that it should reasonably and fairly anticipate being subject to litigation in Texas and in this judicial district; purposefully directed activities towards Texas residents and this judicial district; and Microsoft's foregoing activities resulted in at least a portion of the patent infringement claims alleged herein, which arise out of or are related to one or more of the foregoing activities.

18.     Accordingly, this Court has personal jurisdiction over Microsoft, which, on information and belief has (1) committed acts of patent infringement in the State of Texas and within this judicial district; (2) substantial, regularly conducted, and

systematic business contacts in the State of Texas and within this judicial district;

(3) owned, managed, and marketed products in the State of Texas and within this

judicial district; and (4) enjoyed and continues to enjoy substantial income from selling

products in the State of Texas and within this judicial district.

## BACKGROUND

### The Patent-in-Suit

19.     Dr. Arup Acharya is the first-named inventor of the Patent-in-Suit. *See*

United States Patent No. 7,376,129, attached as Exhibit 1.

20.     Dr. Acharya has an undergraduate degree in Computer Science from the

Indian Institute of Technology Kharagpur, and a Ph.D. in Computer Science from

Rutgers University.

21.     Dr. Acharya has conducted research in Computer Science for over 20

years and is currently the Head of Research and Innovation at TCS Digital Software &

Solutions.

22.     Dr. Acharya also holds multiple U.S. patents in the field of Session

Initiation Protocol ("SIP") based Voice over Internet Protocol ("VoIP") technology.

23.     The rights to patent application number 10/695,856, which issued as the

Patent-in-Suit, were assigned to International Business Machines Corporation ("IBM")

by Dr. Acharya and the other inventors and recorded on October 29, 2003, the patent

application's filing date; during this time Dr. Acharya was an employee of IBM, a

foremost leader in technology.

24.     The Patent-in-Suit followed a series of patents that claimed similar

technology and that were previously licensed to Microsoft.

25.     Session Initiation Protocol ("SIP") is emerging as a vehicle to enable VoIP, and both enterprise networks and service provider networks use SIP as a vehicle to enable VoIP in enterprise and carrier networks. *See* Exhibit 1 at 1:11-24.

26.     While SIP support is bundled with individual applications, such as an Instant Message ("IM") client or an IP softphone, individual applications must support SIP themselves. This is problematic; since each application is separate, no other application can use a port another application is using. As a result, there was a need for desktop applications to invoke SIP uniformly. There was also a need for a framework that could enable applications to use SIP-based VoIP. *Id*. at 1:29-43.

27.     There were significant disadvantages to using SIP; each individual application had its own SIP, which wasted resources and created conflicts when multiple applications attempted to use the same port. *Id*. at 1:29-37.

28.     The invention claimed in the Patent-in-Suit provides a framework for enabling applications to use SIP-based VoIP; the framework makes SIP a recognizable protocol at a system level and provides a protocol handler that is available to all applications on the system. *Id*. at 2:30-38.

29.     The claimed invention solves the problems found in the prior art by strongly coupling SIP infrastructure and collaborative applications; doing so reduces the time to create voice calls, allows applications to use native SIP capabilities previously lost when additional layers/components were injected between applications and SIP, enhances efficiency, and strengthens the system, because only the SIP infrastructure, including protocols and servers, are necessary. *Id*. at 3:9-17.

**United States Patent No. 7,376,129**

30.     U.S. Patent No. 7,376,129, titled "Enabling Collaborative Applications Using Session Initiation Protocol (SIP) Based Voice Over Internet Protocol Networks VOIP," was duly and legally issued on May 20, 2008. *See* Exhibit 1.

31.     The named inventors on the '129 Patent are Arup Acharya, Dilip Dinkar Kandlur, Priya Mahadevan, Zon-yin Shae, and Aameek Singh.

32.     The '129 Patent will expire at least as early as May 5, 2026, per the 35 U.S.C. § 154(b) patent term adjustment.

33.     The '129 Patent claims a method and system for enabling voice over Internet for computer applications.

34.     The claims of the '129 Patent are valid, enforceable, and active.

35.     All rights, title and interests in the '129 Patent are owned by and assigned to Marble VOIP Partners LLC.

**Microsoft Teams**

36.     Microsoft manufactures, sells, and distributes Microsoft Teams throughout the United States. *See, e.g.*, *What is Teams Phone,* MICROSOFT (last visited Jan. 14, 2022), https://docs.microsoft.com/en-us/microsoftteams/what-is-phone-system-in-office-365, attached as Exhibit 2.

37.     Microsoft Teams makes and receives voice over Internet Protocol (VoIP) for computer applications. Further, Microsoft Teams registers SIP as a system service to handle inbound and outbound calls, transfer calls, dial-in and dial-out of meetings,

establish a do-not-disturb for a device, and set up voicemail with a message-waiting indicator. *Id*.

## Skype for Business

38.     Microsoft manufactures, uses, sells, offers to sell, and imports Skype for Business as part of its Office solutions throughout the United States. *See, e.g.*, *Plan your Enterprise Voice solution in Skype for Business Server*, MICROSOFT (last visited Jan. 14, 2022), https://docs.microsoft.com/en-us/skypeforbusiness/plan-your-deployment/enterprise-voice-solution/enterprise-voice-solution, attached as Exhibit 3.

39.     Skype for Business makes and receives voice over Internet Protocol (VoIP) for computer applications. Further, Skype for Business registers SIP as a system service to handle inbound and outbound calls and send instant messages to individual or group multi-chats. *Id*.

40.     Skype for Business is integrated within Outlook. *Id*.

## Notice of the Patent-in-Suit

41.     Microsoft received notice of the Patent-in-Suit when Plaintiff sent correspondence on January 19, 2022, which was received on January 20, 2022, to the Chief Executive Officer of Microsoft, Satya Nadella, informing him of the existence of the '129 Patent and the infringement of same by Microsoft. *See* Notice Letter, attached as Exhibit 4.

42.     Plaintiff's Notice Letter instructed Microsoft to immediately cease and desist from engaging in any further activity that would infringe the '129 Patent. *Id.* On

information and belief, Microsoft has not altered its conduct in response to Plaintiff's Notice Letter.

43.     Microsoft has therefore induced infringement of the Patent-in-Suit in violation of 35 U.S.C. § 271(b) by providing to the public, at a minimum, the Microsoft Teams platform and the Skype for Business platform integrated within the Microsoft Outlook platform, along with instructions for using these software platforms to the public, in a manner that directly infringes the Patent-in-Suit.

## PATENT INFRINGEMENT

### Count I: Infringement of United States Patent No. 7,376,129: Microsoft Teams

44.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

45.     On information and belief, and without authority, consent, right, or license, Microsoft makes, uses, sells, offers to sell and/or imports the Microsoft Teams platform in the United States. In doing so, Microsoft infringes one or more claims, including claims 1-31 of the '129 Patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing the Microsoft Teams platform. Through these activities, Microsoft also actively induces infringement by others under § 271(b) by at least providing to the public, at a minimum, the Microsoft Teams platform and directions instructing users how to use Microsoft Teams in a manner that directly infringes the '129 Patent.

46.     Microsoft commits acts of patent infringement by manufacturing, using, offering for sale, selling and/or importing at least the Microsoft Teams platform.

47.     For example, claim 22 of the '129 Patent claims:

A program storage device readable by machine, tangibly embodying a program of instructions executable by the machine to perform method steps for enabling voice over Internet for computer applications, the method comprising:

> registering session initiation protocol (SIP) as a system service;

> providing SIP service through an application programming interface (API) to permit access to service functions by individual software applications by recognizing SIP links within the application and highlighting the SIP link in a user interface of the application to permit users to select the SIP links to enable voice over Internet service within the software application; and

> passing the link as a parameter to permit external access to an invoked service function to provide voice communication capabilities for the software application.

48.    The Microsoft Teams platform meets the claim element "[a] program storage device readable by machine, tangibly embodying a program of instructions executable by the machine to perform method steps for enabling voice over Internet for computer applications. . ."; this is evidenced by advertisements for Microsoft Teams VoIP services on Microsoft's website. *See* Exhibit 2; *see also Voice over Internet Protocol (VoIP)*, MICROSOFT (last visited Jan. 14, 2022), https://www.microsoft.com/en-us/microsoft-teams/voip-voice-over-ip, attached as Exhibit 5.

49.    The Microsoft Teams platform meets the claim element "registering session initiation protocol (SIP) as a system service . . ."; this is evidenced by Microsoft 365 documents describing the SIP gateway and other online assistance resources. *See Plan for SIP Gateway*, MICROSOFT 365 (last visited Jan. 14, 2022), https://docs.microsoft.com/en-us/microsoftteams/sip-gateway-plan, attached as

Exhibit 6; *see also Set TEL: URL Association for Teams*, Lync.se (last visited Jan. 14, 2022),
https://www.lync.se/2018/10/set-tel-url-association-for-teams/, attached as Exhibit 7.

      50.    The Microsoft Teams platform software meets the claim element
"providing SIP service through an application programming interface (API) to permit
access to service functions by individual software applications by recognizing SIP links
within the application and highlighting the SIP link in a user interface of the application
to permit users to select the SIP links to enable voice over Internet service within the
software application. . ."; this is evidenced by Microsoft documents describing how the
communications API in Microsoft Graph works with Microsoft Teams on Microsoft's
website. *See Working with the communications API in Microsoft Graph*, Microsoft (last
visited Jan. 14, 2022), https://docs.microsoft.com/en-
us/graph/api/resources/communications-api-overview?view=graph-rest-1.0, attached
as Exhibit 8.

      51.    The Microsoft Teams platform meets the claim element "passing the link
as a parameter to permit external access to an invoked service function to provide voice
communication capabilities for the software application . . ."; this is evidenced by the
Microsoft support center guide describing how to set up an online meeting in Outlook.
*See Set up an online meeting in Outlook*, Microsoft (last visited Jan. 11, 2022),
https://support.microsoft.com/en-us/office/set-up-an-online-meeting-in-outlook-
b8305620-d16e-4667-989d-4a977aad6556?ui=en-us&rs=en-us&ad=us, attached as
Exhibit 9.

52.     Therefore, because the Microsoft Teams platform meets all the claim limitations of claim 22, Microsoft violates 35 U.S.C. § 271(a) by directly infringing one or more claims of the '129 Patent.

53.     Microsoft, acting without authority, consent, right, or license of the '129 patent, has induced, and continues to induce, consumers to use the Microsoft Teams platform in a manner that directly infringes one or more claims of the '129 Patent resulting in conduct that constitutes, at a minimum, induced patent infringement under 35 U.S.C. § 271(b) and/or contributory infringement under § 271(c). Specifically, consumers directly infringe (literally and/or under the doctrine of equivalents) at least claims 1 -31 of the '129 Patent by using the Microsoft Teams platform, resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(a).

54.     At least as of the date Microsoft received the notice letter, *see* Exhibit 4, Microsoft knew of the '129 Patent, knowingly induced the use by consumers by keeping the Microsoft Teams platform in the marketplace and the stream of commerce, and possessed a specific intent to encourage direct infringement of the '129 Patent by failing to remove at least the Microsoft Teams platform from the stream of commerce.

55.     Microsoft possessed, and continues to possess, specific intent to induce infringement of the '129 Patent by at least providing to the public, at a minimum, product specifications and the option to purchase and/or use the Microsoft Teams platform which directly infringes the '129 Patent.

56.     Microsoft has actively induced and encouraged, and continues to actively induce and encourage, consumers to use the Microsoft Teams platform by marketing,

promoting and advertising the use of the Microsoft Teams platform in an infringing manner.

57.     Upon information and belief, Microsoft knows that the Microsoft Teams platform is especially made or adapted for use in a manner that infringes the '129 Patent, that the Microsoft Teams platform is not a staple article or commodity of commerce, and that the Microsoft Teams platform is not suitable for substantial non-infringing use, resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(c). More specifically, consumers directly infringe (literally and/or under the doctrine of equivalents) at least claims 1-31 of the '129 Patent by using the Microsoft Teams platform, resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(a).

58.     Microsoft's foregoing actions constitute and/or will constitute direct infringement, active inducement of infringement, and contribution, by others, to the infringement of the '129 Patent.

59.     Plaintiff reserves the right to assert additional claims of the '129 Patent that Microsoft infringes.

60.     Plaintiff has been damaged as a result of Microsoft's infringing conduct. Microsoft is thus liable to Plaintiff in an amount that adequately compensates Plaintiff for Microsoft's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## Count II: Infringement of United States Patent No. 7,376,129: Microsoft's Skype for Business

61.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

62.     On information and belief, and without authority, consent, right, or license, Microsoft makes, uses, sells, offers to sell, and/or imports the Skype for Business platform as part of its Office solutions in the United States. The Skype for Business platform is fully integrated within Microsoft Outlook. In doing so, Microsoft infringes one or more claims, including claims 1-31 of the '129 Patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing the Skype for Business platform. Through these activities, Microsoft also actively induces infringement by others under § 271(b) by at least providing the Skype for Business platform and directions instructing users how to use Skype for Business, at least within Microsoft Outlook, in a manner that directly infringes the '129 Patent.

63.     Microsoft commits acts of patent infringement by manufacturing, using, offering for sale, selling and/or importing at least the Skype for Business platform.

64.     For example, claim 22 of the '129 Patent claims:

A program storage device readable by machine, tangibly embodying a program of instructions executable by the machine to perform method steps for enabling voice over Internet for computer applications, the method comprising:

registering session initiation protocol (SIP) as a system service;

providing SIP service through an application programming interface (API) to permit access to service functions by individual software applications by recognizing SIP links within the application and highlighting the SIP link in a user interface of the application to permit

users to select the SIP links to enable voice over Internet service within the software application; and

passing the link as a parameter to permit external access to an invoked service function to provide voice communication capabilities for the software application.

65.     The Skype For Business platform meets the claim element "[a] program storage device readable by machine, tangibly embodying a program of instructions executable by the machine to perform method steps for enabling voice over Internet for computer applications. . ."; this is evidenced by instructions for deploying the Skype for Business Server, provided by Microsoft. *See* Exhibit 3.

66.     The Skype for Business platform meets the claim element "registering session initiation protocol (SIP) as a system service. . ."; this is evidenced by Microsoft documents showing that SIP is a required front-end server component for VoIP. *See Front End Server VoIP components for Skype for Business Server*, MICROSOFT (last visited Jan. 14, 2022), https://docs.microsoft.com/en-us/skypeforbusiness/plan-your-deployment/enterprise-voice-solution/front-end-server-voip, attached as Exhibit 10.

67.     The Skype for Business platform meets the claim element "providing SIP service through an application programming interface (API) to permit access to service functions by individual software applications by recognizing SIP links within the application and highlighting the SIP link in a user interface of the application to permit users to select the SIP links to enable voice over Internet service within the software application. . ."; this is evidenced by Microsoft documents providing a Skype For Business API overview. *See Skype for Business App SDK – API overview*, MICROSOFT (last visited Jan. 14, 2022), https://docs.microsoft.com/en-us/skype-

sdk/appsdk/apioverview, attached as Exhibit 11; *see also Skype URI API reference*,

MICROSOFT (last visited Jan. 14, 2022), https://docs.microsoft.com/en-us/skype-

sdk/skypeuris/skypeuriapireference, attached as Exhibit 12.

68.     The Skype for Business platform meets the claim element "passing the

link as a parameter to permit external access to an invoked service function to provide

voice communication capabilities for the software application," as evidenced by

Microsoft's support guide for setting up a meeting in Outlook, which allows users to

add online meeting information by selecting Skype for Business. *See* Exhibit 9.

69.     Therefore, because the Skype for Business platform meets all claim

limitations of claim 22, Microsoft violates 35 U.S.C. § 271(a) by directly infringing one or

more claims of the '129 Patent.

70.     Microsoft, acting without authority, consent, right, or license, has induced,

and continues to induce, consumers to use the Skype for Business and Outlook

platforms in a manner that directly infringes one or more claims of the '129 Patent,

resulting in conduct that constitutes at least induced infringement under 35 U.S.C.

§ 271(b) and/or contributory infringement under § 271(c). Specifically, consumers

directly infringe (literally and/or under the doctrine of equivalents) at least claims 1 -31

of the '129 Patent by using the Skype for Business platform, resulting in conduct that

constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(a).

71.     At least as of the date of receipt of the notice letter, *see* Exhibit 4, Microsoft

knew of the '129 Patent, knowingly induced the use by consumers by keeping the

Skype for Business and Microsoft Outlook platform in the marketplace and the stream

of commerce, and possessed a specific intent to encourage direct infringement of the
'129 patent, by failing to remove these goods from the stream of commerce.

72.     Microsoft possessed, and continues to possess, specific intent to induce
infringement of the '129 Patent by at least providing product specifications and the
option to purchase and/or use the Skype for Business platform to the public in a
manner that directly infringes the '129 Patent.

73.     Microsoft has actively induced and encouraged, and continues to actively
induce and encourage, consumers to use the Skype for Business platform by marketing,
promoting and advertising use of the Skype for Business platform in an infringing
manner.

74.     Upon information and belief, Microsoft knows that the Skype for Business
platform is made or adapted for use in a manner that infringes the '129 Patent, is not a
staple article or commodity of commerce, and is not suitable for substantial non-
infringing use, resulting in conduct that constitutes, at a minimum, patent infringement
under 35 U.S.C. § 271(c). More specifically, consumers directly infringe (literally and/or
under the doctrine of equivalents) at least claims 1-31 of the '129 Patent by using the
Skype for Business platform, resulting in conduct that constitutes, at a minimum, patent
infringement under 35 U.S.C. § 271(a).

75.     Microsoft's actions constitute and/or will constitute direct infringement,
active inducement of infringement, and contribution, by others, to the infringement of
the '129 Patent.

76.     Plaintiff reserves the right to assert additional claims of the '129 Patent that Microsoft infringes.

77.     Microsoft's infringing conduct has damaged Plaintiff. Thus, Microsoft is liable to Plaintiff in an amount that adequately compensates Plaintiff for Microsoft's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in its favor and against Microsoft as follows:

a.      finding that Microsoft has infringed, contributed to and induced infringement of one or more claims of the Patent-in-Suit;

b.      awarding Plaintiff damages under 35 U.S.C. § 284, or otherwise permitted by law, and damages for any continued post-verdict infringement;

c.      awarding Plaintiff damages for the unjust enrichment of Microsoft;

d.      awarding Plaintiff pre-judgment and post-judgment interest on the damages award and costs;

e.      declaring this case exceptional pursuant to 35 U.S.C. § 285;

f.      awarding costs of this action and attorney fees pursuant to 35 U.S.C. § 285, or as otherwise permitted by the law; and

g.     awarding such other costs and further relief the Court determines to be

just and equitable.

Dated: January 20, 2022                     Respectfully submitted,

                                            */s/ Joseph M. Abraham*
                                            Joseph M. Abraham, TX SB No. 2408879
                                            FOLIO LAW GROUP PLLC
                                            13492 Research Blvd., Ste. 120, No. 177
                                            Austin, TX 78750
                                            (737) 234-0201
                                            joseph.abraham@foliolaw.com


                                            Of Counsel:

                                            Christopher J. Belter (*pro hac vice pending*)
                                            Michael A. Siem (*pro hac vice pending*)
                                            GOLDBERG SEGALLA LLP
                                            cbelter@goldbergsegalla.com
                                            msiem@goldbergsegalla.com
                                            711 Third Avenue, Suite 1900
                                            New York, New York 10017
                                            Telephone: (646) 292-8700


                                            Attorneys for Plaintiff
                                            Marble VOIP Partners LLC